**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **T.G.,**

**No. 22-0471** (Monongalia County 20-JA-45)


**MEMORANDUM DECISION**


Petitioner Mother A.K.[1] appeals the Circuit Court of Monongalia County's May 23, 2022, order terminating her parental rights to T.G.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January of 2020, the DHHR filed a petition alleging that petitioner trafficked methamphetamine, failed to supervise her children, T.G. and C.K., and allowed then-fifteen-year-old C.K. to use marijuana.[3] The DHHR alleged that when the worker visited the home, she was accompanied by police officers who found illicit drugs, a handgun, and drug paraphernalia in open view. The home was also filthy and in general disarray. Petitioner failed to appear for her drug screen immediately after the children's removal and later tested positive for methamphetamine. The DHHR further alleged that there was an open adult protective services investigation for a quadriplegic individual living in the home.

The circuit court held an adjudicatory hearing in June of 2020, during which petitioner stipulated that she had a substance abuse problem that negatively affected her ability to parent T.G. The court granted petitioner a post-adjudicatory improvement period in August of 2020, the terms of which required petitioner to regularly submit to random drug screens, exercise supervised visitation, sign all medical release forms, complete parental fitness and psychological evaluations, participate in adult life skills and parenting education classes, complete substance abuse treatment,

---

[1]Petitioner appears by counsel A. Tyler Reseter. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. DeAndra Burton appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]C.K.'s custody is not at issue on appeal, although he is mentioned throughout this memorandum decision.

and follow any other recommendations of the multidisciplinary team. Petitioner underwent a parental fitness and psychological evaluation in August of 2020, which concluded that her prognosis for achieving improved parenting ability was poor.

In March of 2021, the court extended petitioner's post-adjudicatory improvement period based upon petitioner's enrollment in inpatient drug treatment. By the summer of 2021, the court granted petitioner a post-dispositional improvement period. In October of 2021, the court granted petitioner a trial reunification with C.K., as she had stable housing and employment and the child had disrupted five different placements. The trial reunification did not apply to T.G. who had been doing well in her placement.

During the circuit court's May of 2022 dispositional hearing, petitioner failed to appear but counsel represented her. Petitioner's counsel proffered that he last had contact with petitioner in March of 2022 and that she had not responded to his letters or phone calls since that time. The DHHR presented evidence that during petitioner's trial reunification with C.K., the child went missing in February of 2022 and was reported as a runaway. The DHHR also showed that by November of 2021, petitioner had ceased drug screening, staying in contact with the DHHR, and exercising visits with T.G. Further, the DHHR presented evidence that petitioner falsified medical records to show that she was positive for COVID-19 for more than ninety days or otherwise hospitalized to avoid participating with DHHR services such as drug screening. In total, the DHHR provided evidence that petitioner was absent from participation in the proceedings between September of 2020 and June of 2021 and from November of 2021 to May of 2022. The DHHR worker also testified that petitioner had no completion certificates for any drug treatment programs in her file despite petitioner's claims that she had successfully completed several programs. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for T.G.'s welfare. Petitioner now appeals the court's May 23, 2022, dispositional order.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. *See* Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating her parental rights to T.G. rather than implementing a less restrictive alternative. Specifically, petitioner contends that the circuit court should have implemented the same alternative disposition for T.G. as it did for C.K. which is a "Disposition 5."[5] Contrary to

---

[4]T.G.'s father voluntarily relinquished his parental rights. T.G.'s permanency plan is adoption by her foster family. Upon C.K.'s prior expressed wishes to the guardian, as well as the unlikelihood of the child's adoptability, the court terminated only petitioner's custodial rights to C.K. The court also ordered sibling visitation if C.K. is found.

[5]West Virginia Code § 49-4-604(5) provides that "[u]pon a finding that the abusing parent . . . [is] presently unwilling or unable to provide adequately for the child's needs, [the court may] commit the child temporarily to the care, custody, and control of the [DHHR], a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court." The term "Disposition 5" is colloquially used as it refers to subsection 5 of the dispositional statute.

petitioner's assertion that the court granted this alternative disposition regarding C.K. due to her "significant efforts at sobriety," the record shows that the court did so because it took into consideration C.K.'s preference based upon his age and maturity. *See* W. Va. Code § 49-4-604(c)(6)(C) (stating that "the court shall give consideration to the wishes of a child 14 years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights"). Additionally, C.K. had disrupted numerous placements, and the DHHR and guardian agreed that C.K.'s permanency plan, if he is found, is transitional living rather than adoption. C.K.'s circumstances differ greatly from that of T.G., who has regressive autism and is unable to articulate a preference as to petitioner's parental rights. Further, T.G. did well in her placement throughout the proceedings, leading the court to find that it was in her best interest to remain in her adoptive placement.

Petitioner cites the strong sibling bond between T.G. and C.K. as support for an alternative disposition to the termination of her parental rights to T.G., but she fails to explain how this disposition would protect the siblings' bond or how it is in T.G.'s best interests. Indeed, if granted an alternative disposition, such as subsidized guardianship, T.G. would continue living in the same foster home while C.K. remains at large as a runaway. Further, petitioner's reliance on the sibling preference is misplaced and does not support her argument.[6] Here, the sibling preference applies to the children's foster placements rather than a speculative reunification with the child/children that may occur with petitioner some day in the future. Additionally, petitioner's concerns that the siblings' bond will erode should be quelled, as she concedes in her brief on appeal that the DHHR worker testified that once C.K. is found the siblings would continue visitation. *See* W. Va. R. of Proc. for Child Abuse and Neglect Proc. 15 ("Visitation between the child and his siblings shall continue, and a plan for regular contact between siblings, where they are not placed together, shall be incorporated into the permanent plan for the child whenever possible, unless the court finds it is not in the best interest of both the child and his siblings to retain a right of visitation.").

Notably, petitioner fails to allege that the circuit court erred when it made the requisite finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future. We find that the circuit court's conclusion is based upon ample evidence of petitioner's noncompliance with the terms and conditions of her case plan, and we, therefore, find no error. *See* W. Va. Code § 49-4-604(d)(3) (establishing that there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . .

---

[6]West Virginia Code § 49-4-111(e) provides that

[w]hen a child is in a foster care arrangement and is residing separately from a sibling . . . who [is] in another foster home or who ha[s] been adopted by another family and the parents with whom the placed or adopted sibling or siblings reside have made application to the [DHHR] to establish an intent to adopt or to enter into a foster care arrangement regarding a child so that the child may be united or reunited with a sibling or siblings, the [DHHR] shall, upon a determination of the fitness of the persons and household seeking to enter into a foster care arrangement or seek[ing] an adoption which would unite or reunite siblings, and if termination and new placement are in the best interests of the children, terminate the foster care arrangement and place the child in the household with the sibling or siblings.

[has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child"). As such, petitioner was not entitled to a less restrictive alternative disposition. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 23, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn